# Exhibit A



| Case Information Summary for Case Number |
|---|
| 2021-L-006039 |

Filing Date: 06/11/2021

Division: Law Division
Ad Damnum: $50000.00

Case Type: OTHER PERSONAL INJURY

District: First Municipal

Calendar: H

## **Party Information**

**Plaintiff(s)**
STANTON MAURICE

**Attorney(s)**
RUBEN & KRESS
77 W WASHINGTON ST S
CHICAGO IL, 60602
(312) 201-9640

**Defendant(s)**
OTIS ELEVATOR
COMPANY, A

UNITED TECHNOLOGIES
CORPO

**Defendant Date of Service**

**Attorney(s)**

## **Case Activity**

Activity Date: 06/11/2021

Participant: STANTON MAURICE

OTHER PERSONAL INJURY COMPLAINT FILED

Court Fee: 388.00

Ad Damnum Amount: 50000.00

Attorney: RUBEN & KRESS

Activity Date: 06/11/2021

Participant: STANTON MAURICE

SUMMONS ISSUED AND RETURNABLE

Ad Damnum Amount: 50000.00

Attorney: RUBEN & KRESS

Activity Date: 06/22/2021

Participant: OTIS ELEVATOR COMPANY, A

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 06/17/2021

Microfilm: LD000000000

[Back to Top](#)

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Thu, Jun 17, 2021

**Server Name:**        Sheriff Drop

| Entity Served | OTIS ELEVATOR COMPANY |
|---|---|
| Case Number | 2021L006039 |
| Jurisdiction | IL |





* 5 0 0 8 3 7 6 0 *

FILED
6/11/2021 2:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006039

13659284

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Maurice Stanton

_____
                                    Plaintiff(s)

v.

Otis Elevator Company

_____
                                    Defendant(s)

C T Corporation System
208 S. La Salle St, Suite 814 Chicago, IL 60604
_____
                        Address of Defendant(s)

Case No. 2021L006039

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

FILED DATE: 6/11/2021 2:52 PM 2021L006039



Summons - Alias Summons                                              (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⊙ Atty. No.: 47949

○ Pro Se 99500

Name:  Matthew K. Abrams

Atty. for (if applicable):

Plaintiffs

Address:  77 W. Washington, Ste. 701

City:  Chicago

State:  IL     Zip:  60602

Telephone:  312-201-9640

Primary Email:  mka@rkminjurylaw.com

Witness date   6/11/2021 2:52 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 6/11/2021 2:52 PM 2021L006039



FILED DATE: 6/11/2021 2:52 PM 2021L006039

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

## ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**



* 5 0 0 8 3 7 6 0 *

FILED
6/11/2021 2:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006039

13659284

FILED DATE: 6/11/2021 2:52 PM 2021L006039

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Maurice Stanton

Plaintiff(s)

v.

Otis Elevator Company

Case No. 2021L006039

Defendant(s)

C T Corporation System
208 S. La Salle St, Suite 814 Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail ● Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 3



Summons - Alias Summons      * (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 47949

○ Pro Se 99500

Name: Matthew K. Abrams

Atty. for (if applicable):

Plaintiffs

Address: 77 W. Washington, Ste. 701

City: Chicago

State: IL   Zip: 60602

Telephone: 312-201-9640

Primary Email: mka@rkminjurylaw.com

Witness date    6/11/2021 2:52 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 6/11/2021 2:52 PM   2021L006039



* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM 2021_006039

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

* 5 0 0 8 3 7 6 0 *

FILED
6/11/2021 2:52 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006039

47949

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MAURICE STANTION, | ) | 13659284 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No. 2021L006039 |
| | ) | |
| OTIS ELEVATOR COMPANY, a New Jersey Corporation | ) | |
| and UNITED TECHNOLOGIES CORPORATION, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

## COUNT I - OTIS ELEVATOR COMPANY

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendants, OTIS ELEVATOR COMPANY, as follows:

1. That at all relevant times, Plaintiff MAURICE STANTON was a resident of the State of Illinois.

2. That on and prior to July 25, 2019, the Defendant OTIS ELEVATOR COMPANY, now known as OTIS WORLDWIDE CORPORATION as of April 2020, was a foreign corporation organized under the State of New Jersey and was licensed to do business under the laws of the State of Illinois.

3. That at all relevant times, OTIS ELEVATOR COMPANY was a wholly owned subsidiary of UNITED TECHNOLOGY CORPORATION, a foreign corporation organized under the State of Delaware and licensed to do business under the laws of the State of Illinois.

4. That on and prior to July 25, 2019, Plaintiff's employer, Heritage Woods of Chicago,

1



* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM 2021L006039

operated out of and was located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

5. That prior to July 25, 2019, Defendant OTIS ELEVATOR COMPANY designed, manufactured, inspected, assembled, marketed and distributed to the location of 2800 West Fulton Avenue two elevators that were then installed for common carrier use in the building at that aforementioned location.

6. That on and prior to July 25, 2019, the Defendant, OTIS ELEVATOR COMPANY, INC., owned the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

7. That on and prior to July 25, 2019, the Defendant, OTIS ELEVATOR COMPANY, INC., controlled the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

8. That on and prior to July 25, 2019, the Defendant, OTIS ELEVATOR COMPANY, INC., managed the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

9. That on and prior to July 25, 2019, the Defendant, OTIS ELEVATOR COMPANY, INC., maintained the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

10. That at all times herein mentioned the Defendant, OTIS ELEVATOR COMPANY, INC., owed a duty to the Plaintiff to operate and maintain the elevators at 2800 West Fulton Avenue, Chicago, Cook County, Illinois, so that the Plaintiff would not be injured.

11. That at all times herein mentioned the Plaintiff, MAURICE STANTON, was lawfully on the premises being an employee of Heritage Woods of Chicago.

12. That at the time and place aforesaid, Plaintiff entered the building at 2800 West Fulton Avenue and called for the elevator in the lobby of the Heritage Woods of Chicago

* 5 0 0 8 3 7 6 0 *

building.

    13.  That at the time and place aforesaid, the elevator came and the elevator door opened.

    14.  That at the time and place aforesaid, a co-worker started speaking to Plaintiff before he entered the elevator such that Plaintiff needed the elevator to wait and the elevator door to remain open while he finished his conversation.

    15.  That at the time and place aforesaid, Plaintiff while engaged in a conversation with his co-worker placed his hand along the side of the elevator door to engage the door sensors after it had opened in an effort to have the elevator door stay open.

    16.  That at the time and place aforesaid, Plaintiff's hand remained on the front portion of the elevator door but the elevator door motion sensors were not triggered by the Plaintiff's hand and as a result the elevator door slammed close directly on the Plaintiff's hand.

    17.  That at the time and place aforesaid when the Defendant, OTIS ELEVATOR COMPANY, sold and distributed the elevators to the aforementioned location was then and there guilty of one or more of the following wrongful acts or omissions:

    a.  Carelessly and negligently operated, managed, maintained and controlled the elevators at 2800 West Fulton Avenue, Chicago;

    b.  Carelessly and negligently allowed the elevator to be and remain in an unsafe condition wherein the motion sensors for the elevator door were located too far inside of the elevator door such that the motion sensors could not recognize movement within a large portion of the door, although Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff and others who utilized the elevator;

    c.  Carelessly and negligently designed the elevator doors with motion sensors that were placed at the back portion of the elevator doors such that the motion sensors only covered the back two inches of the four inch elevator door;

    d.  Carelessly and negligently designed the elevator doors and set the motion sensors vertically and narrowly along the back side of the elevator door such that it provided insufficient coverage of the full width of the elevator door;

3

FILED DATE: 6/11/2021 2:52 PM  2021L006039



* 5 0 0 8 3 7 6 0 *

e. Failed to provide Plaintiff with a safe way to get to and from his employment;

f. Failed to provide any warnings or such warnings were insufficient to warn users of the elevator of the need to move hand or foot all the way through the width of the elevator door in order to trigger the motion sensors;

g. Failed to warn the Plaintiff of the dangerous condition of the elevator although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff utilizing the elevator;

h. Failed to exercise the highest degree of care required in the operation of the aforesaid common carrier elevator;

i. Failed to place any warning signs on or near the elevator door when Defendant knew or should have known such warnings were necessary for the safety of the elevator users:

18. That as a direct and proximate result thereof the elevator door slammed closed on Plaintiff's right hand.

19. That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON, was injured in his head, body and limbs, both internally and externally and he suffered bodily pain and injury from then until now and will continue so to suffer in the future; that he has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for Judgment against the Defendant, OTIS ELEVATOR COMPANY, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT II – OTIS ELEVATOR COMPANY

4

* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM  2021L006039

## STRICT NEGLIGENCE

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendant, OTIS ELEVATOR COMPANY, as follows:

1. – 16.  Plaintiff restates and realleges Paragraphs 1-16 of Count I as and for Paragraphs 1-16 of Count II as though fully restated herein.

17.  At all relevant times, it was the duty of Defendant OTIS ELEVATOR COMPANY to design, manufacture, sell, supply, and distribute its elevators so that they were not defective, functioned as intended and were not and/or would not become unreasonably dangerous when put into its intended use.

18.  Sometime before July 25, 2019, Defendant OTIS ELEVATOR designed, manufactured, sold, supplied and distributed two elevators for use at the Heritage Woods of Chicago facility located at 2800 West Fulton Avenue.

19.  At all relevant times, the elevator at issue was put into use at 2800 West Fulton Avenue location and had the elevator door motion sensors affixed to the inner, back portion of the elevator door.

20.  That although the elevator door itself was 4 inches wide, the motion sensors only covered the inner portion of the door and therefore covered only the back 1-2 inches of the entire width of the elevator door.

21.  That because of this design and manufacturing, the outer/front 2 inches of the elevator door had no motion sensors and therefore the motion sensors could not be used as intended and triggered unless and when there was movement through the entire width of the elevator door – at least past the first 2 inches of the elevator door frame.

5



FILED DATE: 6/11/2021 2:52 PM   2021L006039

22.     At all relevant times, the elevator delivered to and in use at 2800 West Fulton Avenue was unreasonably dangerous by reason of one or more of the following defects or conditions of the elevator from the time it was manufactured and left the possession of OTIS ELEVATOR COMPANY in the following respects:

   a. The elevator door was designed four inches wide with the elevator door's motion sensors affixed to very the inner part of the elevator door such that the elevator door could close when there was not some movement to trigger the sensor all the way through the three to four inch width of the elevator door;

   b. The elevator door's motion sensors were only installed vertically such that the sensor line has to be crossed fully inside of the elevator door to trigger the motion sensors;

   c. A second sensor that allowed coverage for the front part of the elevator door was not placed in the elevator door to allow for the sensor to cover the full width of the Defendant's elevator doors;

   d. Designed the elevator in such a way that the motion sensors did not cover the front half, if not more, of the elevator door when Defendant knew or should have known the motion sensors needed to be designed to cover the entire width of the elevator door for the safety of its intended users;

   e. Designed the elevator doors such that the failure of the motion sensors to be triggered was a known and distinct possibility that would make the elevator door unsafe and dangerous; and

   f. The elevator door and elevator door motion sensors failed to perform in the manner reasonably expected given the motion sensors' intended use and function.

   g. Failed to provide or post any warning signs or instructions on the elevator with regard to the design of the elevator door and its motion sensors;

   h. There were no warnings provided regarding the safety issues involved in the use of the elevator although the risks and hazards of the use of the elevator were well known to Defendant;

23. The aforementioned defects made the elevator and the elevator doors unreasonably dangerous.

24. The elevator was designed, manufactured, assembled and put into use as designed and

6

* 5 0 0 8 3 7 6 0 *

manufactured by Defendant and was in the same condition at the time of the injury to Plaintiff.

25.  The elevator and elevator door was used in its intended manner and based on the defective design and lack of instructions and warnings, it was therefore reasonably foreseeable that the Plaintiff would be injured.

26.  As a direct and proximate cause of one or more of the foregoing unreasonably dangerous conditions the elevator manufactured and supplied by Defendant slammed closed on Plaintiff's right hand causing serious and permanent injury.

27.  That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON, was injured in his head, body and limbs, both internally and externally and he suffered bodily pain and injury from then until now and will continue so to suffer in the future; that he has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for Judgment against the Defendant, OTIS ELEVATOR COMPANY, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT III – OTIS ELEVATOR COMPANY

### DESIGN NEGLIGENCE

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendant, OTIS ELEVATOR COMPANY, as follows:

1. – 16.  Plaintiff restates and realleges Paragraphs 1-16 of Count I as and for Paragraphs

7



* 5 0 0 8 3 7 6 0 *

1-16 of Count III as though fully restated herein.

17.  At all relevant times, it was the duty of Defendant OTIS ELEVATOR COMPANY to design, manufacture, sell, supply, and distribute its elevators so that they were not defective, functioned as intended and were not and/or would not become unreasonably dangerous when put into its intended use.

18.  Sometime before July 25, 2019, Defendant OTIS ELEVATOR COMPANY designed, manufactured, sold, supplied and distributed two elevators for use at the Heritage Woods of Chicago facility located at 2800 West Fulton Avenue.

19. The defendant, OTIS ELEVATOR COMPANY, had a legal duty to exercise ordinary, reasonable care in designing, inspecting, testing, manufacturing, advertising, distributing and selling the elevators.

20. The type of accident and injury that occurred in this case to Plaintiff was reasonably foreseeable.

21. Defendant OTIS ELEVATOR COMPANY marketed, distributed, advertised and sold its elevators as a safe apparatus for its passengers without conducting proper and appropriate research, development, analysis and testing of the design and performance.

22. Defendant, OTIS ELEVATOR COMPANY, was negligent in the design, testing, manufacture, and sale of the elevator that injured the Plaintiff.

23. The negligence of Defendant, OTIS ELEVATOR COMPANY, was a substantial factor in causing the injuries of the Plaintiff.

24. The Defendant, OTIS ELEVATOR COMPANY, was negligent in one or more of the following respects:

a.  Carelessly and negligently operated, managed, maintained and controlled the elevators

8

at 2800 West Fulton Avenue, Chicago;

b. Carelessly and negligently allowed the elevator to be and remain in an unsafe condition wherein the sensors for the elevator door were located too far inside of the elevator door such that the sensors will not recognize movement within a large portion of the door, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff, who utilized the elevator;

c. Carelessly and negligently designed the elevator doors with motion sensors that were placed at the back of the doors and only covered the back two inches of the four inch elevator door;

d. Carelessly and negligently designed the elevator doors and set the motion sensors vertically and narrowly along the back side of the elevator door such that it provided insufficient coverage of the full width of the elevator door;

e. Failed to provide Plaintiff with a safe way to get to and from his employment;

f. Failed to provide any warnings or such warnings were insufficient to warn users of the elevator of the need to move hand or foot all the way through the width of the elevator door in order to trigger the motion sensors;

g. Failed to warn the Plaintiff of the dangerous condition of the elevator although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff utilizing the elevator;

h. Failed to exercise the highest degree of care required in the operation of the aforesaid common carrier elevator;

i. Failed to place any warning signs on or near the elevator door when Defendant knew or should have known such warnings were necessary for the safety of the elevator users:

25. Defendant, OTIS ELEVATOR COMPANY, knew or should have known prior to

Plaintiff's accident that the design of the elevator and elevator doors was reasonably likely to

result in an injury to its intended users due to the placement and therefore limited range and use

of the motion sensors.

26. Defendant, OTIS ELEVATOR COMPANY, despite this knowledge failed to

adequately warn its consumers and users of the considerable risk of harm of the aforesaid

9

FILED DATE: 6/11/2021 2:52 PM    2021L006039



* 5 0 0 8 3 7 6 0 *

defective and unreasonably dangerous design of the elevator and elevator doors.

27. As a direct and proximate cause of one or more of the foregoing unreasonably dangerous conditions the elevator manufactured and supplied by Defendant slammed closed on Plaintiff's right hand causing serious and permanent injury.

28. That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON, was injured in his head, body and limbs, both internally and externally and he suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for Judgment against the Defendant, OTIS ELEVATOR COMPANY, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT IV - UNITED TECHNOLOGY CORPORATION NEGLIGENCE

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendant, UNITED TECHNOLOGY CORPORATION, as follows:

1. That at all relevant times, Plaintiff MAURICE STANTON was a resident of the State of Illinois.

2. That on and prior to July 25, 2019, the Defendant OTIS ELEVATOR COMPANY,

10

FILED DATE: 6/11/2021 2:52 PM    2021L006039



* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM 2021L006039

now known as OTIS WORLDWIDE CORPORATION as of April 2020, was a foreign corporation organized under the State of New Jersey and was licensed to do business under the laws of the State of Illinois.

3.  That at all relevant times, OTIS ELEVATOR COMPANY was a wholly owned subsidiary of UNITED TECHNOLOGY CORPORATION, a foreign corporation organized under the State of Delaware and licensed to do business under the laws of the State of Illinois.

4.  That on and prior to July 25, 2019, Plaintiff's employer, Heritage Woods of Chicago, operated out of and was located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

5.  That prior to July 25, 2019, Defendant UNITED TECHNOLOGY CORPORATION designed, manufactured, inspected, assembled, marketed and distributed to the location of 2800 West Fulton Avenue two elevators that were then installed for common carrier use in the building at that aforementioned location.

6.  That on and prior to July 25, 2019, the Defendant, UNITED TECHNOLOGY CORPORATION, owned the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

7.  That on and prior to July 25, 2019, the Defendant, UNITED TECHNOLOGY CORPORATION, controlled the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

8.  That on and prior to July 25, 2019, the Defendant, UNITED TECHNOLOGY CORPORATION, INC., managed the elevators located at 2800 West Fulton Avenue, Chicago, Cook County, Illinois.

9.  That on and prior to July 25, 2019, the Defendant, UNITED TECHNOLOGY CORPORATION, INC., maintained the elevators located at 2800 West Fulton Avenue, Chicago,

11



* 5 0 0 8 3 7 6 0 *

Cook County, Illinois.

    10.  That at all times herein mentioned the Defendant, UNITED TECHNOLOGY CORPORATION, INC., owed a duty to the Plaintiff to operate and maintain the elevators at 2800 West Fulton Avenue, Chicago, Cook County, Illinois, so that the Plaintiff would not be injured.

    11.  That at all times herein mentioned the Plaintiff, MAURICE STANTON, was lawfully on the premises being an employee of Heritage Woods of Chicago.

    12.  That at the time and place aforesaid, Plaintiff entered the building at 2800 West Fulton Avenue and called for the elevator in the lobby of the Heritage Woods of Chicago building.

    13.  That at the time and place aforesaid, the elevator came and the elevator door opened.

    14.  That at the time and place aforesaid, a co-worker started speaking to Plaintiff before he entered the elevator such that Plaintiff needed the elevator to wait and the elevator door to remain open while he finished his conversation.

    15.  That at the time and place aforesaid, Plaintiff while engaged in a conversation with his co-worker placed his hand along the side of the elevator door to engage the door sensors after it had opened in an effort to have the elevator door stay open.

    16.  That at the time and place aforesaid, Plaintiff's hand remained on the front portion of the elevator door but the elevator door's motion sensors were not triggered by the Plaintiff's hand and as a result the elevator door slammed close directly on the Plaintiff's hand.

    17.  That at the time and place aforesaid when the Defendant, UNITED TECHNOLOGY CORPORATION, sold and distributed the elevators to the aforementioned location was then and there guilty of one or more of the following wrongful acts or omissions:

FILED DATE: 6/11/2021 2:52 PM    2021L006039

* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM    2021L006039

a. Carelessly and negligently operated, managed, maintained and controlled the elevators at 2800 West Fulton Avenue, Chicago;

b. Carelessly and negligently allowed the elevator to be and remain in an unsafe condition wherein the sensors for the elevator door were located too far inside of the elevator door such that the sensors will not recognize movement within a large portion of the door, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff, who utilized the elevator;

c. Carelessly and negligently designed the elevator doors with motion sensors that were placed at the back of the doors and only covered the back two inches of the four inch elevator door;

d. Carelessly and negligently designed the elevator doors and set the motion sensors vertically and narrowly along the back side of the elevator door such that it provided insufficient coverage of the full width of the elevator door;

e. Failed to provide Plaintiff with a safe way to get to and from his employment;

f. Failed to provide any warnings or such warnings were insufficient to warn users of the elevator of the need to move hand or foot all the way through the width of the elevator door in order to trigger the motion sensors;

g. Failed to warn the Plaintiff of the dangerous condition of the elevator although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff utilizing the elevator;

h. Failed to exercise the highest degree of care required in the operation of the aforesaid common carrier elevator;

i. Failed to place any warning signs on or near the elevator door when Defendant knew or should have known such warnings were necessary for the safety of the elevator users:

18. That as a direct and proximate result thereof the elevator door slammed closed on

Plaintiff's right hand.

19. That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON,

was injured in his head, body and limbs, both internally and externally and he suffered bodily

pain and injury from then until now and will continue so to suffer in the future; that he has

expended and will in the future be compelled to expend large sums of money in endeavoring to



* 5 0 0 8 3 7 6 0 *

be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for Judgment against the Defendant, UNITED TECHNOLOGY CORPORATION, in such sum of money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## <u>COUNT V – UNITED TECHNOLOGY CORPORATION</u>
## <u>STRICT NEGLIGENCE</u>

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendant, UNITED TECHNOLOGY CORPORATION, INC., as follows:

1. – 16.  Plaintiff restates and realleges Paragraphs 1-16 of Count IV as and for Paragraphs 1-16 of Count V as though fully restated herein.

17.  At all relevant times, it was the duty of Defendant UNITED TECHNOLOGY CORPORATION to design, manufacture, sell, supply, and distribute its elevators so that they were not defective, functioned as intended and were not and/or would not become unreasonably dangerous when put into its intended use.

18.  Sometime before July 25, 2019, Defendant UNITED TECHNOLOGY CORPORATION designed, manufactured, sold, supplied and distributed two elevators for use at the Heritage Woods of Chicago facility located at 2800 West Fulton Avenue.

19.  At all relevant times, the elevator at issue was put into use at 2800 West Fulton Avenue location and had the elevator door motion sensors affixed to the inner portion of the

14

* 5 0 0 8 3 7 6 0 *

FILED DATE: 6/11/2021 2:52 PM   2021L006039

elevator door.

20.     That although the elevator door itself was 4 inches wide, the motion sensors only covered the inner portion of the door and therefore covered only 1-2 inches of the entire width of the elevator door.

21.     That because of this design and manufacturing, the outer/front 2 inches of the elevator door had no motion sensors and therefore the motion sensors could not be used as intended and triggered unless and when there was movement through the entire width of the elevator door – at least past the first 2 inches of the elevator door frame.

22.     At all relevant times, the elevator delivered to and in use at 2800 West Fulton Avenue was unreasonably dangerous by reason of one or more of the following defects or conditions of the elevator from the time it was manufactured and left the possession of UNITED TECHNOLOGY CORPORATION in the following respects:

i.     The elevator door was designed four inches wide with the elevator door's motion sensors affixed to very the inner part of the elevator door such that the elevator door could close when there was not some movement to trigger the sensor all the way through the three to four inch width of the elevator door;

j.     The elevator door's motion sensors were only installed vertically such that the sensor line has to be crossed fully inside of the elevator door to trigger the motion sensors;

k.     A second sensor that allowed coverage for the front part of the elevator door was not placed in the elevator door to allow for the sensor to cover the full width of the Defendant's elevator doors;

l.     Designed the elevator in such a way that the motion sensors did not cover the front half, if not more, of the elevator door when Defendant knew or should have known the motion sensors needed to be designed to cover the entire width of the elevator door for the safety of its intended users;

m.     Designed the elevator doors such that the failure of the motion sensors to be triggered was a known and distinct possibility that would make the elevator door unsafe and dangerous; and



FILED DATE: 6/11/2021 2:52 PM  2021L006039

n.  The elevator door and elevator door motion sensors failed to perform in the manner reasonably expected given the motion sensors' intended use and function.

o.  Failed to provide or post any warning signs or instructions on the elevator with regard to the design of the elevator door and its motion sensors;

p.  There were no warnings provided regarding the safety issues involved in the use of the elevator although the risks and hazards of the use of the elevator were well known to Defendant;

23.  The aforementioned design defects made the elevator and the elevator doors unreasonably dangerous.

24.  The elevator was designed, manufactured, assembled and put into use as designed and manufactured by Defendant and was in the same condition at the time of the injury to Plaintiff.

25.  The elevator and elevator door was used in its intended manner and based on the defective design and lack of instructions and warnings, it was therefore reasonably foreseeable that the Plaintiff would be injured.

26.  As a direct and proximate cause of one or more of the foregoing unreasonably dangerous conditions the elevator manufactured and supplied by Defendant slammed closed on Plaintiff's right hand causing serious and permanent injury.

27.  That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON, was injured in his head, body and limbs, both internally and externally and he suffered bodily pain and injury from then until now and will continue so to suffer in the future; that he has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for Judgment against the Defendant, UNITED TECHNOLOGY CORPORATION, in such sum of



FILED DATE: 6/11/2021 2:52 PM   2021L006039

money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair and reasonable compensation for Plaintiff's injuries.

## COUNT VI – UNITED TECHNOLOGY CORPORATION
## DESIGN NEGLIGENCE

Now comes the Plaintiff, MAURICE STANTON, by and through his attorneys, RUBENS KRESS & MULHOLLAND, and complains of the Defendant, UNITED TECHNOLOGY CORPORATION, as follows:

1. – 16.  Plaintiff restates and realleges Paragraphs 1-16 of Count IV as and for Paragraphs 1-16 of Count VI as though fully restated herein.

17.  At all relevant times, it was the duty of Defendant UNITED TECHNOLOGY CORPORATION to design, manufacture, sell, supply, and distribute its elevators so that they were not defective, functioned as intended and were not and/or would not become unreasonably dangerous when put into its intended use.

18.    Sometime before July 25, 2019, Defendant UNITED TECHNOLOGY CORPORATION designed, manufactured, sold, supplied and distributed two elevators for use at the Heritage Woods of Chicago facility located at 2800 West Fulton Avenue.

19. The defendant, UNITED TECHNOLOGY CORPORATION, had a legal duty to exercise ordinary, reasonable care in designing, inspecting, testing, manufacturing, advertising, distributing and selling the elevators.

20. The type of accident and injury that occurred in this case to Plaintiff was reasonably foreseeable.

21. Defendant UNITED TECHNOLOGY CORPORATION marketed, distributed,

17



* 5 0 0 8 3 7 6 0 *

advertised and sold its elevators as a safe apparatus without conducting proper and appropriate research, development, analysis and testing of the design and performance

22. The need to design a motor vehicle so that its roof would not collapse during the course of a roll-over in order to prevent the occupants of the vehicle from suffering harm as a result of the roof collapsing was reasonably foreseeable at the time of designing and manufacturing the aforesaid vehicle.

23. Defendant, UNITED TECHNOLOGY CORPORATION, was negligent in the design, testing, manufacture, and sale of the elevator that injured the Plaintiff.

24. The negligence of defendant, UNITED TECHNOLOGY CORPORATION, was a substantial factor in causing the injuries of the plaintiff.

25. The Defendant, UNITED TECHNOLOGY CORPORATION, was negligent in one or more of the following respects:

a. Carelessly and negligently operated, managed, maintained and controlled the elevators at 2800 West Fulton Avenue, Chicago;

b. Carelessly and negligently allowed the elevator to be and remain in an unsafe condition wherein the sensors for the elevator door were located too far inside of the elevator door such that the sensors will not recognize movement within a large portion of the door, although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff, who utilized the elevator;

c. Carelessly and negligently designed the elevator doors with motion sensors that were placed at the back of the doors and only covered the back two inches of the four inch elevator door;

d. Carelessly and negligently designed the elevator doors and set the motion sensors vertically and narrowly along the back side of the elevator door such that it provided insufficient coverage of the full width of the elevator door;

e. Failed to provide Plaintiff with a safe way to get to and from his employment;

f. Failed to provide any warnings or such warnings were insufficient to warn users of the elevator of the need to move hand or foot all the way through the width of the elevator door in

18

FILED DATE: 6/11/2021 2:52 PM  2021L006039



FILED DATE: 6/11/2021 2:52 PM 2021L006039

order to trigger the motion sensors;

   g.  Failed to warn the Plaintiff of the dangerous condition of the elevator although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff utilizing the elevator;

   h.  Failed to exercise the highest degree of care required in the operation of the aforesaid common carrier elevator;

   i.  Failed to place any warning signs on or near the elevator door when Defendant knew or should have known such warnings were necessary for the safety of the elevator users:

   26. Defendant, UNITED TECHNOLOGY CORPORATION, knew or should have known prior to Plaintiff's accident that the design of the elevator and elevator doors was reasonably likely to result in an injury to its intended users due to the placement and therefore limited range and use of the motion sensors.

   27. Defendant, UNITED TECHNOLOGY CORPORATION, despite this knowledge failed to adequately warn its consumers and users of the considerable risk of harm of the aforesaid defective and unreasonably dangerous design of the elevator and elevator doors.

   28.  As a direct and proximate cause of one or more of the foregoing unreasonably dangerous conditions the elevator manufactured and supplied by Defendant slammed closed on Plaintiff's right hand causing serious and permanent injury.

   29.  That as a direct and proximate result thereof the Plaintiff, MAURICE STANTON, was injured in his head, body and limbs, both internally and externally and he suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of said injuries; that he has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

   WHEREFORE, Plaintiff, MAURICE STANTON, prays this Honorable court for



* 5 0 0 8 3 7 6 0 *

Judgment against the Defendant, UNITED TECHNOLOGY CORPORATION, in such sum of

money in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, which shall constitute fair

and reasonable compensation for Plaintiff's injuries.

Respectfully submitted,

RUBENS KRESS & MULHOLLAND

 s/  Matthew K. Abrams
ATTORNEYS FOR PLAINTIFF

47949
Matthew K. Abrams
*mka@rkminjurylaw.com*
Rubens Kress & Mulholland
77 W. Washington St., Ste 701
Chicago, IL 60602
(312) 201-9640

FILED DATE: 6/11/2021 2:52 PM  2021L006039

47949

FILED
6/11/2021 2:52 PM
IRIS Y. MARTINEZ 7 6 0 •
CIRCUIT CLERK
COOK COUNTY, IL
2021L006039

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MAURICE STANTION,                        )
                                         )
            Plaintiff,                   )
                                         )
    Vs.                                  )   No. 2021L006039
                                         )
OTIS ELEVATOR COMPANY, a New Jersey Corporation)
 and UNITED TECHNOLOGIES CORPORATION,    )
 a Delaware Corporation,                 )
                                         )
            Defendants.                  )

### AFFIDAVIT

The undersigned, one of the Attorneys for the Plaintiffs herein, states that this is a civil action seeking

money damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the

undersigned certifies that the statements set forth in this instrument are true and correct except as to matters

therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that

he verily believes that same to be true.


                        __/s Matthew K. Abrams_____
                        Attorneys for Plaintiff

49749
Matthew K. Abrams
*mka@rkminjurylaw.com*
Rubens Kress & Mulholland
77 W. Washington St., Ste 701
Chicago, IL 60602
(312) 201-9640

FILED DATE: 6/11/2021 2:52 PM  2021L006039